UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| ROBERT HEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:24-CV-10-JEM |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 17]. Now before the Court is Plaintiff's Brief [Doc. 20]. Robert Heard ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner of Social Security ("Commissioner"). For the reasons set forth below, the Court will **DENY** Plaintiff's statement of errors [Doc. 20] and will **AFFIRM** the decision of the Commissioner.

I.  PROCEDURAL HISTORY

On April 28, 2020, Plaintiff filed for Disability Insurance Benefits [Tr. 249] pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, 1381 *et seq.* On April 28, 2020, Plaintiff filed for supplemental security income pursuant [*id.* at 243] to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. In both, Plaintiff claimed a period of disability that began on July 10, 2018 [*Id.* at 243, 249]. After his claims were denied initially [*id.* at 82, 97, 99, 114] and upon reconsideration [*id.* at 118, 128–29, 139], Plaintiff requested a hearing before an ALJ [*id.* at 171]. A hearing was held on March 23, 2022, before ALJ John Case (hereinafter "the ALJ") [*Id.* at 50–74]. On June 15, 2022, the ALJ found Plaintiff not disabled [*Id.* at 27–44]. Plaintiff

asked the Appeals Council to review the ALJ's decision [*Id.* at 19]. The Appeals Council denied Plaintiff's request [*id.* at 1], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on January 31, 2024, seeking judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) [Doc. 1]. The parties filed opposing briefs, and this matter is now ripe for adjudication [Docs. 20, 22, 25].

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

2
Case 4:24-cv-00010-JEM    Document 26    Filed 01/08/25    Page 2 of 13    PageID #: 2634

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At this step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

Here, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2022.

2. The claimant has not engaged in substantial gainful activity since July 10, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: ischemic heart disease, cardiomyopathy, cardiac dysrhythmia, hypertension, remote cardiovascular accident, obesity, anxiety disorder, and depressive disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can perform no climbing of ladders, ropes, and scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; should avoid extreme heat; is limited to nonhazardous; simple, noncomplex tasks; can perform no work with the public; can have no more than occasional interaction with coworkers and supervisors; and is limited to a stable work environment (same/familiar people, same/familiar places, and same/similar tasks).

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 29, 1975, and was 43 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 10, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 30–43].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and

whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not try the case *de novo*, weigh the evidence, or make credibility determinations nor resolve conflicts in the evidence, nor decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for

5
Case 4:24-cv-00010-JEM    Document 26    Filed 01/08/25    Page 5 of 13    PageID #: 2637

reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. ANALYSIS

Plaintiff raises two issues on appeal: whether the ALJ erred by failing to account for his social limitations when 1) formulating his RFC and 2) posing questions to the Vocational Expert ("VE") [Doc. 20 p. 5]. Specifically, Plaintiff claims that the ALJ's RFC determination conflicts with his own findings: despite finding "generally persuasive" two opinions limiting Plaintiff to superficial contact with peers and coworkers, the ALJ omitted such a limitation but did not explain why [*Id.* at 8–9]. Plaintiff argues that the ALJ further erred by failing to incorporate this limitation into the questions posed to the VE [*Id.* at 13]. The Commissioner argues that the ALJ reasonably accounted for Plaintiff's social limitations in the RFC finding [Doc. 22 p. 6]. In addition, the Commissioner asks the Court to reject Plaintiff's argument regarding the questions posed to the VE, as this "is simply a rehash of [Plaintiff's] earlier complaint" [*Id.* at 9].

For the reasons below, the Court finds remand is not warranted. Any error the ALJ may have committed by omitting social limitations from Plaintiff's RFC was harmless, as at the fifth

step, the ALJ cited jobs that require minimal social interaction. Furthermore, substantial evidence supports the limitations that the ALJ included in the RFC finding and questions posed to the VE.

A.   RFC Assessment

Plaintiff argues that the Commissioner erred by failing to properly account for his social limitations in the RFC [Doc. 20 p. 6]. Specifically, he claims that the ALJ did not account for his limitation to "superficial" contact [*Id.* at 8]. He argues that this error warrants remand because "[d]espite finding the [opinions of two] doctors persuasive, and adopting the limitation to superficial contact with the public, coworkers, and supervisors . . . , the ALJ changed the RFC to '*occasional interaction with coworkers and supervisors*' and omitted" the limitation without explaining why [*Id.* at 8–9]. Because such a limitation could preclude work, Plaintiff contends, this omission prejudices the outcome of the case [*Id.* at 9–11]. Further, Plaintiff avers that even though the jobs cited at step five have a "people rating" of eight (the lowest possible), these ratings are imprecise; remand is necessary to obtain expert testimony on how a limitation to superficial contact affects Plaintiff's employability [*Id.* at 10–11].

The Commissioner argues that the ALJ accounted for Plaintiff's social limitations and formulated an RFC supported by substantial evidence [Doc. 22 pp. 6–7]. The Commissioner contends that the ALJ's use of the term occasional interaction did not conflict with the doctors' uses of the term superficial interaction and thus, did not require explaining [*Id.* at 8–9].

Plaintiff replied, reiterating that social and occasional limitations are distinct and that limiting the claimant to unskilled work does not account for a limitation to superficial contact [Doc. 25 pp. 1, 5]

Drs. Jayne Dubois and Fawz Schoup each rated Plaintiff's abilities to interact appropriately with the general public, ask simple questions or request assistance, and get along with coworkers

7

or peers as "moderately limited" [Tr. 95, 125]. Dr. Dubois rated his ability to accept instructions and respond appropriately to criticism from supervisors as "moderately limited," [*id.* at 95] while Dr. Schoup rated it as "not significantly limited" [*id.* at 125]. Dr. Dubois explained that Plaintiff could interact superficially with the public, coworkers, and supervisors [*Id.* at 95]. Dr. Schoup explained that he could interact with the public and peers on an occasional and superficial basis [*Id.* at 125].

The ALJ found their opinions "generally persuasive" but further limited Plaintiff's level of social interaction, limiting Plaintiff to no work with the public [*Id.* at 34, 39]. In formulating Plaintiff's RFC, the ALJ determined that Plaintiff "can perform no work with the public; can have no more than occasional interaction with coworkers and supervisors; and is limited to a stable work environment (same/familiar people, same/familiar places, and same/familiar tasks)" [*Id.* at 34]. At step five, the ALJ relied on the VE's testimony that Plaintiff would be able to perform the requirements of representative occupations to conclude that Plaintiff could successfully adjust to other work that exists in significant numbers in the national economy [*Id.* at 42–43].

Mirroring a divide in the Sixth Circuit, the parties disagree on whether the terms "occasional" and "superficial," as applied to interaction with coworkers and supervisors, conflict [*Compare* Doc. 20 pp. 7–9, *with* Doc. 22 pp. 8–9]. Some courts distinguish the terms, reasoning that "limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions—including a limitation to 'superficial' interaction." *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-CV-339, 2020 WL 3866855, at *4 (S.D. Ohio July 9, 2020) (citations omitted); *see also Bryant v. Kijakazi*, No. 2:22-CV-2827, 2023 WL 4982261, at *3 (W.D. Tenn. Aug. 3, 2023) (collecting cases endorsing this proposition); *Kilgore v. Saul*, No. 1:19-CV-168, 2021 WL 932019, at *7 (E.D. Tenn. Mar. 11, 2021) (adopting the distinction

between the terms "occasional" and "superficial" and remanding where the ALJ did not include a limitation relating to the quantity of time involved with interactions with coworkers and supervisors).

"The last word by the Sixth Circuit on the issue[, which was in *Reeves v. Commissioner of Social Security*,] ignores the distinction . . . ." *Bryant*, 2023 WL 4982261, at *3 (citing *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)). Some courts interpret *Reeves* (an unpublished opinion) as a signal that the terms are coterminous and consistent, while others continue to differentiate them. *Compare Haahr v. Comm'r of Soc. Sec.*, No. 3:23-CV-2159, 2024 WL 3813772, at *12 (N.D. Ohio Jul. 3, 2024) ("This Court does not . . . distinguish[] between superficial and occasional interaction, opting instead to adhere to the precedent established by *Reeves*."), *and Stephen D. v. Comm'r of Soc. Sec.*, No. 1:21-CV-746, 2023 WL 4991918, at *6–8, *11 (S.D. Ohio May 16, 2024) (citing *Reeves*, 618 F. App'x at 275, as "finding no inconsistency between 'superficial' opinion and 'occasional' RFC finding"), *report and recommendation adopted*, 734 F. Supp. 3d 729 (S.D. Ohio 2024), *with Garvin v. Comm'r of Soc. Sec.*, No. 2:20-CV-2566, 2021 WL 2200423, at *6 (S.D. Ohio June 1, 2021), *report and recommendation adopted*, 2021 WL 2533191 (S.D. Ohio June 21, 2021) ("Courts routinely recognize that limiting the *quantity* of time spent with an individual does not accommodate . . . a limitation to 'superficial' interaction." (collecting cases)).

Despite this discord, courts have concluded that an ALJ who fails to include a specific social limitation in earlier steps rectifies the omission and renders any error harmless when at the fifth step, he cites possible jobs with a "people code" that requires minimal social interaction. *See Sanscrainte v. Comm'r of Soc. Sec.*, No. 1:23-CV-1073, 2024 WL 3466273, at *7 n.2 (W.D. Mich. Jul. 19, 2024) (noting that if ALJ erred in concluding that "brief and superficial

interaction" was a vague limitation, such error was harmless as the VE cited positions requiring "minimal or no social interaction"); *King v. O'Malley*, No. 5:23-291, 2024 WL 1258625, at *3–4 (E.D. Ky. Mar. 25, 2024) ("[T]he ALJ's failure to include [the plaintiff]'s limitation to occasional *and* brief interactions in determining her RFC constitutes a harmless omission."); *Bryant*, 2023 WL 4982261, at *4 (agreeing with the Commissioner that "even accepting this distinction, the ALJ's failure to explain the omission of a superficial interaction limitation was harmless error"); *Hammons v. Comm'r of Soc. Sec.*, No. 21-12933, 2023 WL 2446163, at *5 (E.D. Mich. Jan. 23, 2023) (holding harmless any error in failure to adopt limit to minimal interaction where two jobs were available to the plaintiff that did not require more than superficial contact with coworkers and supervisors), *report and recommendation adopted*, 2023 WL 2263856 (E.D. Mich. Feb. 28, 2023). Indeed, "[e]ven the Southern District of Ohio has stated that 'numerous other courts have found that occupations with a social interaction level of '8' can be performed even by individuals with a limitation to 'superficial' interactions.'" *Bryant v. Kijakazi*, No. 222CV02827, 2023 WL 4982261, at *4 (W.D. Tenn. Aug. 3, 2023) (citations omitted)).

Here, at step five, the ALJ cited the VE's testimony suggesting representative occupations with social interaction codes of eight [Tr. 42–43]. These occupations "can be performed even by individuals with a limitation to 'superficial' interactions." *Bryant*, 2023 WL 4982261, at *4 (quoting *Stephen D.*, 2022 WL 17842940, at *7). This addresses any error from not explaining why the ALJ did not restrict Plaintiff to superficial interaction when assessing his RFC. *See id.*; *Sothen v. Comm'r of Soc. Sec.*, 2014 WL 5823462, at *4 (N.D. Ohio Nov. 10, 2014) ("[N]one of the job descriptions here refer to any interaction with others. Thus, . . . any failure to include a limitation specifying minimal interaction with others was harmless error because including such a limitation on remand would not alter the jobs available."); *accord Shkabari v. Gonzalez*,

427 F.3d 324, 328 (6th Cir. 2005) ("[N]o principle of administration law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Thus, "even if the ALJ erred by not including a limitation to superficial interaction in the RFC, the error is harmless." *Hammons*, 2023 WL 2446163, at *5 (citing *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149,157–58 (6th Cir. 2009)).

Plaintiff argues remand is still necessary [Doc. 20 p. 10]. He suggests that the Court cannot assume that an individual restricted to superficial interaction could perform every job with a people code of eight and that the issue demands expert testimony [*Id.* at 12]. In support of this argument, Plaintiff chiefly relies on *Amy F. v. Kijakazi*, a case from the District of Minnesota [Doc. 20 pp. 10–12; Doc. 20-1].[1] In *Amy F.*, the court found error because substantial evidence did not support the ALJ's decision to withhold a superficial contact limitation [Doc. 20-1]. The court acknowledged, however, that "if substantial evidence in the record otherwise supports using different limitations than suggested by [doctors], there would be no reversible error" [*Id.* at 10–11 (citations omitted)].

Turning to whether substantial evidence supports not including a superficial contact limitation in Plaintiff's RFC assessment here, there is. In determining Plaintiff's RFC, the ALJ

---

1      Plaintiff also cites *Amber L. v. Commissioner of Social Security*, in which the court concluded it could not rely on the "people codes" because the Dictionary of Occupational Titles and Social Security Regulations do not define the term superficial. No. 3:21-cv-202, 2022 WL 2948952, *6 (S.D. Ohio July 26, 2022), *report and recommendation adopted*, 2022 WL 3226351 (S.D. Ohio Aug. 10, 2022). Subsequent cases, however, do rely on the "people codes" to find harmless any error in omitting a superficial limitation. *See Sanscrainte*, 2024 WL 3466273, at *7 n.2 (interpreting a social interaction code of eight to mean that the job requires minimal or no social interaction); *King*, 2024 WL 1258625, at *3–4 (accepting argument that because the ALJ identified jobs that required no more than brief social interaction based on the Dictionary of Occupational Titles, omitting social limitation was harmless error, if error at all); *Bryant*, 2023 WL 4982261, at *4 (concluding that if the ALJ erred in omitting a superficial interaction limitation, such error was harmless because the VE cited jobs with social interaction codes of eight).

11
Case 4:24-cv-00010-JEM    Document 26    Filed 01/08/25    Page 11 of 13    PageID #: 2643

discussed evidence of Plaintiff's ability to interact with others, including that he maintained a relationship with his girlfriend, took trips with his family, and accompanied his stepdaughter to college visits [Tr. 35, 38–39]. The ALJ noted that Plaintiff's anxiety and depression responded well to treatment and improved with changes to stressors [*Id.* at 38]. A reasonable mind might accept this as adequate to support the RFC assessment. *See Cutlip*, 25 F.3d at 286 (describing substantial evidence as that which "a reasonable mind might accept to support a conclusion" (citation omitted)).

    B.    **Questions Posed to the VE**

Plaintiff claims that the ALJ committed reversible error by failing to incorporate a limitation to superficial contact with coworkers and supervisors into the questions posed to the VE, despite finding this limitation to be persuasive [Doc. 20 p. 13]. The Commissioner asserts this "simply rehash[es] his earlier complaint" [Doc. 22 p. 9]. Because "the ALJ's assessment of Plaintiff's functional abilities was reasonable and supported by substantial evidence . . . ," the Commissioner contends, "Plaintiff's argument should be rejected" [*Id.*].

An ALJ may pose hypothetical questions as to whether there are jobs of sufficient number in the economy that someone with the claimant's age, education, work experience, and RFC could perform. 20 C.F.R. § 404.1520(a)(4)(v). Evidence in the record must support the hypothetical; VE testimony can provide substantial evidence when the hypothetical "accurately portrays the claimant's impairments." *McKinney v. Saul*, No. 7:19-CV-060, 2020 WL 4678412, at *8 (E.D. Ky. Aug. 12, 2020) (citations omitted)). An ALJ need not incorporate limitations he does not find credible. *Spicer v. Comm'r of Soc. Sec.*, 651 F. App'x 491, 494 (6th Cir. 2016) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Here, the ALJ posed a hypothetical that asked the VE to assume an individual with limitations to social interaction that track his RFC findings [Tr. 33–34, 69]. As discussed above, substantial evidence supports the RFC finding's limitations on social interaction. Thus, the questions posed by the ALJ accurately portrayed Plaintiff's limitations.

## V. CONCLUSION

For the reasons explained, the Court the Court will **DENY** Plaintiff's statement of errors [**Doc. 20**] and will **AFFIRM** the decision of the Commissioner. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge